**FILED**
**AUG 17 2016**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NEIL T. LARSON, | 4:14-CV-04157-RAL |
| Plaintiff, | |
| vs. | OPINION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES |
| CAROLYN W. COLVIN, ACTING COMM'R OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Neil T. Larson filed a Motion for EAJA Award, Doc. 20, under the Equal Access to Justice Act (EAJA) following this Court's Opinion and Order Affirming in Part but Vacating and Remanding the Commissioner's Decision to deny Larson's application for social security disability insurance benefits and supplemental security income, Doc. 18. Larson seeks $8,388.00 in attorney's fees, the $400.00 filing fee, and expenses and sales tax of $545.20. Doc. 20. The Commissioner of Social Security ("Commissioner") opposes Larson's motion for attorney's fees, arguing that her position was substantially justified. Doc. 22. This case presents a difficult decision on whether the Commissioner's position in this matter was or was not substantially justified; after all, this Court affirmed in part the Commissioner's decision. Considering the case and the Commissioner's arguments as a whole, this Court concludes that a proper award is 80% of the attorney's fees, the filing fee, and 80% of the expenses and sales tax.

1

I.  **Facts Pertinent to Motion**

This Court issued a lengthy Opinion and Order Affirming in Part but Vacating and Remanding the Commissioner's Decision, Doc. 18, providing a detailed explanation of the facts and issues in this case. In short, an administrative law judge (ALJ) denied Larson's claims for social security disability benefits after an administrative hearing. AR 7–21. Afterwards, Larson hired new counsel who appealed to the appeals council and submitted new material. AR 32–33, 314–18, 553–72. The new material included medical records from prior hospitalizations and a recent and extensive evaluation of Larson by a neuropsychologist whose findings undercut part of the ALJ's foundation for denying benefits and raised other issues of whether cognitive and psychological impairments impact Larson's ability to work. Doc. 18 at 2. The appeals council purported to consider this new information, AR 1, 4, but made no comment about the information at all, using the stock sentence of "[w]e found that this information does not provide a basis for changing the Administrative Law Judge's decision." AR 2.

There were essentially five issues before this Court on appeal. First, the Commissioner raised a defense of res judicata based on a previous denial of social security benefits to Larson in 2010, which denial he did not appeal. This Court ruled in Larson's favor on that issue because he was not seeking to reopen or challenge that decision, and besides the Commissioner had not asserted res judicata previously as an affirmative defense or reason to deny the claim. Doc. 18 at 15–16.

Second, Larson contended that the ALJ had failed to identify cardiovascular issues and possible peripheral vascular disease as among Larson's sever impairments. This Court affirmed the ALJ's decision that the medical evidence was insufficient to characterize those issues as severe impairments for Larson. Doc. 18 at 18–20.

Third, Larson argued that the ALJ should have determined that Larson's impairments met or equaled listed level impairments for degenerative disc disease and cardiovascular disease. This Court affirmed the ALJ's decision that Larson's conditions did not meet or equal those listed impairments. Doc. 18 at 20–22.

On the fourth and fifth issues, this Court ruled in favor of Larson because the additional material submitted after the ALJ's decision and ostensibly considered by the appeals council prevented a finding of substantial evidence on the record as a whole to affirm the ALJ. This Court struggled to predict how the ALJ would have weighed the extensive neuropsychological evaluation which conflicted with the residual functional capacity (RFC) finding generally and the specific decision of the ALJ that Larson had the RFC to perform duties as a mail clerk. Doc. 18 at 22–29.

## II. Substantially Justified Standard

Under the EAJA, the prevailing party in a proceeding for judicial review of federal agency action is entitled to legal fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). Here, Larson can be considered the prevailing party because he obtained remand under 42 U.S.C. § 405(g), Shalala v. Schaefer, 509 U.S. 292, 302 (1993), and the Commissioner does not argue that special circumstances make an award unjust. Thus, the issue before this Court is whether the Commissioner's position was substantially justified.

"Substantially justified" in this context means "'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis in law and fact.'" Koss v. Sullivan, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565, 566 n.2 (1988)).

3

In other words, the standard is whether the Commissioner's position is "clearly reasonable, well founded in law *and fact*, solid though not necessarily correct." Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003) (quoting Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995)); see also Goad, 398 F.3d at 1025 ("A position enjoys substantial justification if it has a clearly reasonable basis in law and fact."). Thus, the Commissioner's position in "denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole." Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991); see also Goad, 398 F.3d at 1025 ("[A] loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position."). "The commissioner bears the burden of proving that both [her] pre-litigation conduct, including the ALJ's decision itself, and [her] litigation position were substantially justified." Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009) (per curiam); see also Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988) ("The Secretary bears the burden of proving that its position was substantially justified at both the administrative and litigation levels.").

Here, the Commissioner prevailed on two of the five issues, prompting this Court to affirm the ALJ's ruling in part. Obviously, the Commissioner's arguments were more than "substantially justified" on those issues. Moreover, Larson sought reversal and a directive to award benefits, which this Court refused to do.

Courts vary in how they characterize the "position" of the government under the EAJA, with some focusing on the issue that led to remand and others taking a more holistic view of the government's case. Compare Tobeler v. Colvin, 749 F.3d 830, 834 (9th Cir. 2014) (explaining that Ninth Circuit precedent requires an award of "fees when 'the Secretary's position *on the . . . issues that led to remand* was not substantially justified'" (alteration in original) (quoting Flores

4

v. Shalala, 49 F.3d 562, 564 (9th Cir. 1995))), and Air Transp. Ass'n of Can. v. FAA, 156 F.3d 1329, 1332 (D.C. Cir. 1998) ("[I]t cannot be the case that Congress intended that a party who prevails on an essential ground of a petition to set aside government action cannot recover the congressionally contemplated fees because the government's action was substantially unjustified on only one of several possible bases."), with Meyer v. Colvin, 754 F.3d 251, 255 (4th Cir. 2014) ("[In] determining whether the [G]overnment's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the [G]overnment acted reasonably in causing the litigation or in taking a [particular] stance during the litigation." (alterations in original) (quoting Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993))), and Stewart, 561 F.3d at 683 ("It is true that EAJA fees are not determined by the number of successful arguments, but a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified."). The United States Court of Appeals for the Eighth Circuit appears to take a holistic approach when determining whether the government's position is substantially justified. See United States v. Hurt, 676 F.3d 649, 652 (8th Cir. 2012) ("The EAJA 'favors treating a case as an inclusive whole, rather than as atomized line-items.' In determining whether the government's position is 'substantially justified,' the district court should make 'only one threshold determination for the entire civil action.'" (citation omitted) (quoting Comm'r, INS v. Jean, 496 U.S. 154, 161–62, 159 (1990))). But see Sierra Club Northstar Chapter v. Kimbell, 640 F. Supp. 2d 1082, 1086–87 (D. Minn. 2009) (stating that as of 2009, "whether the substantially justified inquiry should be conducted on an issue-by-issue basis or by taking a more holistic view of the government's position in bringing about or continuing the litigation is, at least in this circuit, open to debate"). Yet even those courts that take a holistic

5

approach will award attorney's fees when the government takes a substantially unjustified position on a significant issue that affects the entirety of the case. See Hackett v. Barnhart, 475 F.3d 1166, 1173 n.1 (10th Cir. 2007) (acknowledging that Jean, 496 U.S. at 162, requires courts to treat the government's case as an "inclusive whole," but finding that the Commissioner's position was not substantially justified despite the Commissioner prevailing on five out of six issues before district court, where plaintiff obtained remand based on single discrete issue that resulted in an unreasonable denial of benefits, other issues were unrelated to that issue, and other issues did not provide a basis to affirm ALJ's decision); Roanoke River Basin, 991 F.2d at 139 ("[A] more egregious example of misconduct might, even if confined to a narrow but important issue, taint the government's 'position' in the entire case as unreasonable, whereas a totally insupportable and clearly unreasonable position by the government on an inconsequential aspect of the litigation might not.").

Some courts have employed the analysis in Hensley v. Eckerhart, 461 U.S. 424 (1983), when evaluating an award of attorney's fees under the EAJA, even though Hensley was a case involving attorney's fees in a 42 U.S.C. § 1988 context. See Thomas v. Astrue, No. 4:10CV3250, 2012 WL 3263629 (D. Neb. Aug 9, 2012); Stanfield v. Apfel, 985 F. Supp. 927, 930 (E.D. Mo. 1997). Hensley reasoned that "where the plaintiff achieve[s] only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. When a plaintiff prevails but only partially, the Hensley decision requires a two-part inquiry:

> First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

6

Hensley, 431 U.S. at 434. If the claims are not closely related but "are based on different facts and legal theories," the plaintiff is not entitled to recover fees for work on those separate claims on which plaintiff lost. Id. at 434–35. If the claims are related, a district court is to consider the "degree of success obtained" as the most critical factor in evaluating if the hours expended on the litigation as a whole are reasonable to award. Id. at 436. A district court may rule based on specific hours to be eliminated or "simply reduce the award to account for the limited success." Id. at 436–37.

The two arguments on which Larson lost are related to the remaining issues on which Larson would be considered the prevailing party. There is no easy way to separate out counsel's work on each of the issues; while Larson's counsel submitted detailed billing records, those records do not allocate the amount of work performed by topics or issues in the briefing, and Larson's counsel would have needed to review the entire administrative record regardless. The attorney's fees sought of $8,388.00 are not out of proportion with the reasonable amount of time it would take to review the extensive record and brief issues as counsel did. The level of success achieved by Larson makes the time billed by counsel largely seem reasonable. This Court has itself been through the record and arguments and recognizes that part of Larson's counsel's research and briefing on the two issues on which he did not prevail was borrowed from his counsel's previous work on other cases. However, applying Hensley and viewing the case with a holistic approach to whether the Government's case was substantially justified, this Court concludes that a 20% reduction in the fees and related sales tax is warranted. An award of 80% of the fees sought and the corresponding sales tax thereon plus the filing fee is appropriate under the circumstances.

### III. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Larson's motion for attorney's fees and costs, Doc. 20, is granted in part. It is further

ORDERED that Larson is entitled to fees in the amount of $6,710.40 in attorney's fees, $436.18 in costs including sales tax, and the $400.00 filing fee. It is further

ORDERED that the Social Security Administration shall determine within 60 days whether Larson has outstanding federal government debt. If Larson has no federal government debt, then the full award shall be issued directly to Larson's counsel. If Larson has outstanding federal debt, then the amount of that debt shall be offset from the award and the difference shall be issued to Larson's counsel.

DATED this 17th day of August, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE